# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JAIME LUEVANO,

    *Petitioner,*

vs.

HARRY REID, *et al.,*

    *Respondents.*

3:10-cv-00503-ECR-RAM

ORDER

This *pro se* mandamus action by a prisoner in a county detention facility in El Paso, Texas comes before the Court for initial review under 28 U.S.C. § 1915A.

Petitioner Jaime Luevano has filed a petition for a writ of mandamus naming as respondents United States Senator Harry Reid and "El Paso, Texas, Entrapments, Corruptions, etc. al." He seeks a writ of mandamus to compel a United States multidistrict litigation panel to review all of his cases filed in other federal and/or state courts and disqualify the judges in those cases for bias. He includes an allegation that United States statutes and rules needs to be reformed. Petitioner further alleges that he was unlawfully convicted in a criminal proceeding. His core underlying challenge appears to be to the constitutionality of that conviction.

Petitioner's papers are subject to multiple defects, including, but not necessarily limited to, the following.

First, petitioner did not either pay the filing fee or submit an application to proceed *in forma pauperis.* The governing statute provides in pertinent part that "[t]he clerk of each

1 district court shall require the parties instituting any civil action, suit or proceeding in such

2 court, whether by original process, removal or otherwise, to pay a filing fee of $350, except

3 that on application for a writ of habeas corpus the filing fee shall be $5." 28 U.S.C. § 1914(a).

4 The present petition is not a petition for a writ of habeas corpus, and the general $350.00

5 filing fee requirement therefore applies to this action.  In order to properly commence an

6 action, petitioner accordingly either must pay the $350.00 filing fee or must submit a properly

7 completed application to proceed in forma pauperis on the Court's required form for a prisoner

8 pauper application, with all required attachments and acknowledgments.

9     Second, the initial pleading was not filed on the Court's required civil rights complaint

10 form, as required by Local Rule LSR 2-1.

11     Third, petitioner has not named a respondent against whom this matter may proceed.

12 The claim against Senator Reid is barred by absolute immunity under the United States

13 Constitution.  See,e.g., Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995).  The

14 remaining respondent named does not constitute a juridical person subject to suit.

15     Fourth, neither this Court nor a multidistrict litigation panel has appellate jurisdiction

16 over other federal and state courts to issue writs of mandamus disqualifying judges for alleged

17 bias and/or otherwise directing the actions requested by petitioner.

18     Fifth, as petitioner is seeking to challenge the validity of a conviction that has not been

19 overturned, his mandamus petition is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct.

20 2364, 129 L.Ed.2d 383 (1994).

21     IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice.

22     The Clerk of Court shall enter final judgment accordingly, dismissing this action without

23 prejudice.

24 DATED: August 13, 2010.

25

26

27 Edward C. Reed.
EDWARD C. REED
United States District Judge

-2-