# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAIME LUEVANO,

    *Petitioner*,

vs.

HARRY REID, *et al.*,

    *Respondents*.

2:10-cv-00503-ECR-RAM

ORDER

This closed *pro se* mandamus action by a prisoner in custody in Texas comes before the Court on petitioner's motion (#8) for reconsideration. The time for seeking relief under Rule 59 has expired, and the motion therefore necessarily arises under Rule 60 of the Federal Rules of Civil Procedure.

Petitioner Jaime Luevano filed a petition for a writ of mandamus naming as respondents United States Senator Harry Reid and "El Paso, Texas, Entrapments, Corruptions, etc. al." He sought a writ of mandamus to compel a multidistrict litigation panel to review all of his cases filed in other federal and/or state courts and disqualify the judges in those cases for bias. He included an allegation that federal statutes and rules needed to be reformed. Petitioner further alleged that he was unlawfully convicted in a criminal proceeding. His core underlying challenge was directed to the constitutionality of that conviction.

The Court dismissed the action without prejudice due to the multiple defects in the papers presented. Judgment was entered on August 16, 2010.

Petitioner submits a September 10, 2010, commissary purchase receipt that he maintains demonstrates that he is unable to pay the filing fee. The receipt does not

undermine the basis for the prior dismissal. Petitioner did not either pay the required $350.00 filing fee or submit a properly completed application to proceed *in forma pauperis* on the Court's required form for a prisoner pauper application, with all required attachments and acknowledgments. Submission of a commissary receipt after the dismissal does not change the fact that petitioner did not submit the required pauper application and proper supporting financial materials with his papers initially. Nor would a commissary receipt constitute a properly-supported pauper application even if it had been submitted with the papers initially.

Petitioner further urges that Senator Reid's immunity can be waived. Petitioner cites no apposite authority supporting, or basis for, such an alleged waiver. The Senator clearly has immunity against this action, and the remaining respondent named does not constitute a juridical person subject to suit.

Petitioner's remaining contentions are nonsensical and/or fanciful, including his allegations of a "vast massive family ring mob, inc." and an "enterprise kingdom empire."

The motion does not directly address the remaining bases for dismissal. The Court further noted: (a) that neither this Court nor a multidistrict litigation panel has appellate jurisdiction over other federal and state courts to issue writs of mandamus disqualifying judges for alleged bias and/or otherwise directing the actions requested by petitioner; and (b) that, as petitioner was seeking to challenge the validity of a conviction that has not been overturned, his mandamus petition was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Both the initial action and the motion for reconsideration are wholly frivolous. This action has been and remains closed.

IT THEREFORE IS ORDERED that the motion (#8) for reconsideration is DENIED.

DATED: October 15, 2010.

_____
EDWARD C. REED
United States District Judge